# IN RE BRADFORD DYEING ASSOCIATION.

TRADEMARKS; FOREIGN DESCRIPTIVE WORDS.

1. Descriptive words and phrases in a foreign language are not registerable as trademarks. (Following *Re Hercules Powder Co. ante,* 52.)

2. The word "E'clatant," as applied to cotton piece goods having a satin finish, and described as "Satin E'clatant," is descriptive of the character and quality of the goods, and is not registerable as a trademark.

No. 1106. Patent Appeals. Submitted May 16, 1917. Decided June 2, 1917.

Note.—On descriptive word adopted from foreign language as subject of trademark, see note in 32 L.R.A.(N.S.) 439.

HEARING on an appeal from a decision of the Commissioner of Patents denying an application for registration of a trademark.                                                    *Affirmed.*

The facts are stated in the opinion.

*Mr. J. K. Brachvogel, Mr. Myron G. Clear,* and *Mr. P. B. Turpin* for the appellant.

*Mr. T. A. Hostetter* and *Mr. W. R. Ballard* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal [by the Bradford Dyeing Association] is from the refusal of the Commissioner of Patents to register the word "E'clatant" as a trademark for cotton piece goods.

A sample of the goods with the appellant's mark thereon is included in the record. The goods have a satin finish, and are described as "Satin E'clatant." The word sought to be registered is a French word meaning brilliant, shining, glittering, etc. Registration was denied on the ground that the mark is descriptive of the character and quality of the goods.

Descriptive words and phrases in a foreign language are not registerable. *Re Hercules Powder Co. ante,* 52; 38 Cyc. 731. The reason for bringing descriptive foreign words and phrases within the limitations of the statute is apparent. Not only would the meaning soon become known to the public, but the user of the mark would appreciate the advantage of disseminating such information by advertisement or otherwise. Indeed, there would be nothing to prevent the printing of a translation of the word or phrase in direct connection with the use of the mark. The policy which dictates this inhibition is not affected by *Rossman* v. *Garnier,* 128 C. C. A. 73, 211 Fed. 401, chiefly relied upon by counsel for appellant. That was an infringement suit in which a mark consisted of a French word. The court expressly found that it had been registered under the

ten-year clause of the Trademark Act of 1905, and that it was, therefore, unnecessary to pass upon the question of whether or not it was descriptive of the quality or character of the goods upon which it was used. Appellant, however, attempts to find relief in the statement of Mr. Justice Van Valkenburgh, in his concurring opinion, that the court had "neither memory nor understanding of the French language." The connection, however, in which this expression is used is important. In the opinion he said: "There is in the record nothing which places before the court the part which the word 'Abricotine' plays in the French language, nor the relation between that name and the cordial in French commerce; nor do we take judicial notice of such facts, whatever they may be. As to uses and customs, we are confined to our own country. 7 Michie, Enc. U. S. Sup. Ct. Rep. p. 676; *Dainese* v. *Hale,* 91 U. S. 13, 23 L. ed. 190. The court is, of course, bound to take judicial notice of the ordinary meaning of all words in our own tongue (Michie, vol. 7, p. 680); and upon such a question dictionaries are admitted, not as evidence, but only as aids to the memory and understanding of the court (*Nix* v. *Hedden,* 149 U. S. 304–307, 37 L. ed. 745, 746, 13 Sup. Ct. Rep. 881). We have, judicially, neither memory nor understanding of the French language, and appellant has not seen fit to enlighten us by the record."

We take no issue as to the soundness of this holding in an infringement case, but we are reviewing the propriety of the Commissioner of Patents in a matter in which he acts largely in an administrative capacity. While the meaning of a word in a foreign language may not be within the scope of judicial notice in construing the application of the law, it is, nevertheless, a fact capable of proof, which seems to have been overlooked in the trial of the *Rossman Case.* The limitations of the statute forbidding the registration of descriptive marks are for the protection of the public, and the Commissioner is the officer upon whom is cast the burden of administering the law in accordance with its intent. In the exercise of this function, he may base his opinion upon any pertinent fact capable of proof from a reliable source of information, and a fact so found may

be verified upon appeal, since our duty is to determine broadly whether or not the Commissioner, in the exercise of his discretion, has correctly applied the law to the competent facts in his possession. When that appears, we will not concern ourselves seriously with technical distinctions as to the judicial notice taken by the Commissioner of facts which may readily be ascertained from the most convenient and reliable source of information.

Assuming, without deciding, that in certain cases we might be precluded from taking judicial notice on appeal of the meaning of a foreign word, still no relief is afforded appellant by the Rossman decision; for, unlike that case, the meaning of the foreign word was here found as a fact, and the competency of the evidence upon which the finding was based in not questioned.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.

*Affirmed.*

Mr. Chief Justice COVINGTON, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal in the place of Mr. Chief Justice SHEPARD.